IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROLAND CLARKE,

                      Petitioner,                    Case No. 3:07 CV 3293

     -vs-

                                                      <u>MEMORANDUM   OPINION</u>

RICH GANSHEIMER, Warden,

                      Respondent.

KATZ, J.

      This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge Vecchiarelli (Doc. 14) and Petitioner Roland Clarke's objections to the R & R (Doc. 15), without response by Respondent Warden Rich Gansheimer.  In accordance with *Hill v. Duriron Co*., 656 F.2d 1208 (6th Cir. 1981), this Court has made a *de novo* determination of those of the Magistrate's findings to which Petitioner objects.

**I.  Background**

      Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in a proceeding instituted by any application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court, the factual findings made by a state court in the direct appeal process shall be presumed to be correct.  *Keith v. Mitchell*, 455 F.3d 662, 666 (6th Cir. 2006) (citing 28 U.S.C. § 2254(e)(1)).

      The Court adopts the Magistrate's recounting of the background, which is as follows:

> The state appellate court reviewing Clarke's conviction and sentence on delayed direct appeal found the following facts to be relevant to Clarke's case:
>> {¶ 3} Clarke originally was indicted in this case with a co-defendant; four of the counts pertained to Clarke, charging him with two counts of first-degree felony drug trafficking, one count of possession of drugs, and one count of possession of criminal tools.

> The first count additionally carried a major drug offender ("MDO") specification.
>
> {¶ 4} Clarke indicated at his arraignment that he had retained counsel to represent him.  A lengthy period of pretrial proceedings ensued, during which Clarke's attorney challenged the constitutionality of the MDO specification, obtained a psychological assessment for Clarke, and filed a motion for a separate trial on the basis that Clarke would testify that he had been an unknowing dupe for his co-defendant.
>
> {¶ 5} Eventually, however, Clarke's retained counsel filed a request to withdraw from the case, citing his client's threats to tell lies which would compromise counsel's legal reputation.  The trial court granted the request.
>
> {¶ 6} Clarke received the services of appointed counsel, who ultimately negotiated a plea agreement with the prosecutor.  As stated in the record, in exchange for Clarke's guilty plea to one count of first-degree felony drug trafficking, both the MDO specification and the remaining counts would be dismissed, and the parties jointly would recommend to the trial court an agreed sentence of seven years.

*State v. Clarke*, 2006 WL 178302, at *1 (Ohio App. Jan. 26, 2006).  On August 12, 200[4], the court conducted a colloquy and accepted Clarke's plea of guilty.  It sentenced Clarke to a term of imprisonment of seven years.

On February 17, 2005, Clarke filed in the state appellate court a motion for a delayed appeal and a motion for appointment of appellate counsel.  On March 13, 2005, the appellate court granted Clarke's motion for leave to file a delayed appeal.  Clarke filed a pro se brief in support of his appeal on June 24, 2005 in which he asserted six assignments of error:

I.       THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.11(B0 (STATE V. LYONS, (2002); STATE V. COMER, (2003)) AND FAILED TO ENSURE THE SENTENCE IMPOSED WAS CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS.

II.      THE TRIAL COURT VIOLATED R.C. 2929.14 IN IMPOSING NONMINIMUM SENTENCES.

III.     THE SENTENCE OF SEVEN (7) YEARS FOR AN OFFENDER WHO HAS NOT BEEN SENTENCED TO PRISON PREVIOUSLY VIOLATED 2929.14(B).

IV.     THE COURT'S ORDER THAT POST RELEASE CONTROL IS PART OF HIS SENTENCE AFTER PLAINTIFF HAS PLED GUILTY IS A REVERSIBLE ERROR AND MUST BE VACATED UNDER CRIMINAL RULE 11; WOOD V. TELB, (2000), 89 OHIO ST. 3D 504, PARA. 2 OF THE SYL.

V.      DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHEN COURT-APPOINTED COUNSEL KNEW OR SHOULD HAVE KNOWN THAT THE SENTENCING LAW CALLED FOR MINIMUM

SENTENCE OF THREE (3) YEARS PRISON TERM.  STRICKLAND V. WASHINGTON 466 U.S. 668, 104 S. CY. 2052 (1984) U.S. CONSTITUTION 6TH AMENDMENT.

VI.    DEFENDANT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER HIS GUILTY PLEA WHEN HE WAS NOT INFORMED BY TRIAL COURT OR DEFENSE THAT 1) HE WAS SUBJECT TO SENTENCING BEYOND THE MINIMUM SENTENCE PROSCRIBED FOR OFFENSE OF WHICH DEFENDANT PLED GUILTY; STRICKLAND V. WASHINGTON SUPRA; STATE V. COMER; 2) HE WAS SUBJECT TO POST RELEASE CONTROL AND THE MAXIMUM PENALTY ALLOWED BY LAW.

(Spelling altered from the original; punctuation in the original.)

On July 5, 2005, the appellate court appointed appellate counsel and struck Clarke's previously-filed pro se brief in anticipation of a new appellate brief to be filed by counsel. On September 29, 2005, appointed appellate counsel filed an Anders brief, declaring that he was unable to brief a credible assignment of error and asking that he be allowed to withdraw from the case.  Under Ohio law, the appellate court had two options in disposing of the case:  grant counsel's request and dismiss the appeal if the court determined that the appeal was wholly frivolous or proceed to a review on the merits.

On January 30, 2006, Clarke filed pro se a motion for the appellate court to disregard the brief filed by his attorney.  On January 26, 2006, the state appellate court announced that Clarke's appeal was wholly frivolous and affirmed Clarke's conviction and sentence and dismissed his appeal.  Clarke moved for reconsideration on February 6, 2006.  The state appellate court denied both of Clarke's outstanding motions on February 16, 2006.  [Also on February 16, 2006, the appeals court journalized its decision affirming the judgment of the trial court.] On September 19, 2006, Clarke filed a notice of appeal and an application for leave to file a delayed appeal in the Ohio Supreme Court.  The Ohio Supreme court denied leave to file a delayed appeal and dismissed the appeal on November 1, 2006.

Clarke filed in this court a petition for a writ of habeas corpus on October 24, 2007. Clarke asserts four grounds for relief in his petition:

> [1].    Ground one: A conviction obtained in this case is a product of unknowing, involuntary and without understanding charges and proceeding.  [sic]
>
> [2].    Ground two: Denial of effective assistance of counsel.
>
> [3].    Ground three: Denial of complete representation of counsel on appeals.
>
> [4].    Ground four: Trial court erred in accepting petitioner's guilty plea without advising him of his Crim. Rule 11 post release control.

(Capitalization and punctuation altered from the original.)  Petitioner filed an Answer/Return of Writ on February 13, 2008.  Doc. No. 9.  Petitioner filed a Traverse on May 12, 2008. Doc. No. 11.  Thus, the petition is ready for decision.

3

(R & R, Doc. 14 at 1-4).

## II. Jurisdiction

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254). The "in custody" requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. *Id*. (citing *Hensley v. Municipal Court*, 93 S.Ct. 571, 1574-1575 (1973)).

Petitioner satisfies both prongs of the requirement for habeas jurisdiction. Petitioner was convicted in the Court of Common Pleas of Cuyahoga County, Ohio, and is currently incarcerated at Lake Erie Correctional Institution in Conneaut, Ohio. Petitioner is therefore "in custody" for purposes of habeas jurisdiction. Petitioner alleges that the trial court violated his rights to constitutional protections guaranteed to the states by the Fourteenth Amendment. Also, Petitioner's allegations of ineffective assistance of counsel, if true, violate the Sixth Amendment of the Constitution of the United States. Accordingly, the Magistrate was correct in the determining that this Court has jurisdiction pursuant to 28 U.S.C. § 2241 (a, d).

## III. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244, imposes a time limit which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> Persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:
> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

The trial court sentenced Petitioner pursuant to a plea agreement on August 10, 2004.  The entry was filed on August 12, 2004.  From that date, Petitioner had thirty days to file a notice of appeal.  *See* Ohio App. R. 4(A).  During this time, the one-year statute of limitations was tolled.  *See* 28 U.S.C. § 2244 (d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").   Petitioner failed to file a timely appeal.  Therefore, the clock on the statutory period for filing a federal habeas petition began to run on September 14, 2004.  After 156 days, on February 17, 2005, Petitioner filed an application for a delayed appeal in the state appellate court and it was granted on March 21, 2005.  The court journalized its affirmation of the trial court judgment on February 16, 2006.  Pursuant to Ohio S. Ct. Prac. R. II, §2(A), Petitioner was required to file an application for review by the Ohio Supreme Court within 45 days from the date the appellate court journalized its decision, which would have been April 2, 2006.  Thus, the clock began to run again on April 3, 2006.

168 days later, on September 19, 2006, Petitioner filed a notice of appeal in the Ohio Supreme Court. The Ohio Supreme Court denied Petitioner leave for a delayed appeal on November 1, 2006 and the clock started to run again on the following day, November 2, 2006. As a result, the time period to file a federal writ of habeas corpus was exhausted on December 13, 2006. The Petitioner did not file any such claim prior to this date. Instead, he did so on October 24, 2007, several months after the statutory requirement.

Petitioner alleges that the clock should have been tolled for a period of 90 days in order to file a writ of certiorari. However, Petitioner may not benefit from this 90 day period because seeking certiorari from a delayed appeal attempt is treated as collateral review. *See Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002). Furthermore, even if the statutory period were tolled a full 90 days, the Petitioner's writ would still fail to meet the one-year statutory deadline. It is evident on the face of the petition that this habeas corpus petition is time barred under 28 U.S.C. § 2244 (d)(1).

### B. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the statutory time constraints because (1) he was diligent in pursuing his rights and (2) the decision of the state appellate court was not journalized within the time he filed his appeal thus delaying his efforts to make a timely appeal to the Ohio Supreme Court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In *Dunlap v. United States*, 250 F.3d 1001, 1008-109 (6th Cir. 2001), the Sixth Circuit interpreted 28 U.S.C. §2244(d)(1) to permit a court to equitably toll the running of the clock in limited situations. Courts consider five factors in making the determination of whether to equitably toll the running of the statute: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3)

6

diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

Whether a claimant has met their burden in satisfying these factors is decided on a case-by-case basis. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)).  In this case, Petitioner has not claimed ignorance of the one-year filing requirement.  Moreover, a lack of legal expertise is not a satisfactory excuse for failing to exercise due diligence in meeting procedural requirements. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 580 (6th Cir. 1992) (when plaintiff is generally aware of rights, ignorance of specific legal rights and failure to seek legal advice does not toll limitations period); *Rose v. Dole*, 945 F.2d 1331, 1335-36 (6th Cir. 1991) (stating factors and concluding that ignorance of the law did not warrant equitable tolling).

Petitioner also argues that the state was untimely in its filing of the journalized decision.  It is impossible for an untimely appeal before journalized affirmation to be the sole cause of procedural defect in filing a claim to the Ohio Supreme Court.  In accordance with Ohio S. Ct. Prac. R. II, §2(A) an "appellant shall file a notice of appeal from the entry of the judgment being appealed."  Pursuant to this rule, the time period for filing a timely notice of appeal to the Ohio Supreme Court does not begin until the state appellate court has journalized its decision. App. R. Rule 22.  Therefore, an appeal can never be late because of the failure of an appellate court to timely journalize its decision because the clock starts running at the point of journalization.  Petitioner was free to file again when the appellate court journalized its decision.  Here, unsubstantiated claims of delay due to court clerks and the legal filing system will not suffice to justify equitable tolling.

7

In footnote four of the R & R, the Magistrate Judge notes that Petitioner's claims should be dismissed because they are procedurally defaulted since Petitioner failed to present his claims fairly to the Ohio Supreme Court. (Doc. 14 at p. 6. f.4); *See Castille v. Peoples*, 489 U.S. 346 (1989); *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990); *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). The Court is in agreement with the Magistrate's conclusion. But more importantly, Petitioner's claims are time barred.

**IV. Conclusion**

For the reasons set forth above, the R&R of the Magistrate Judge (Doc. 14) is adopted in its entirety and Petitioner's writ of habeas corpus is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE